PETITIONER'S PRETRIAL MEMORANDUM

WITH EXHIBITS:

1. EXPERT REPORT WITH REGARD TO RELATOR'S CITIZENSHIP WITH ATTACHMENTS:

   A. RELATOR'S BIRTH CERTIFICATE
   B. RELATOR'S PASSPORT
   C. G-325 BIOGRAPHIC INFORMATION FORM

2. RELATOR'S VOLUNTARY DEPARTURE NOTICE
3. DOCUMENTATION IN SUPPORT OF RELATOR'S REQUEST FOR RELEASE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATEX EX REL.<br>KOVALEV, EVGIENI )<br>)<br>)<br>)<br>vs. )<br>)<br>JOHN ASHCROFT, as Attorney General of )<br>the United States; )<br>JAMES W. ZIGLAR, Commissioner of the )<br>Immigration & Naturalization Service; )<br>Warden of Berks County Prison ) | A 29776926<br>Relator,<br><br><br><br>CIVIL ACTION FILE NO.<br>02-4562 |

**PETITIONER'S PRETRIAL MEMORANDUM**

**NATURE OF ACTION AND JURISDICTIONAL STATEMENT**

This is a Petition for Writ of Habeas Corpus. This Court has personal jurisdiction over Relators John Ashcroft, as Attorney General of the United States, Commissioner of the Immigration and Naturalization Service, and over the Warden of Berks County Prison because Relators can be reached by service of process. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973). Subject matter jurisdiction is based on 28 U.S.C.A. § 2241 and 28 USC Sec. 1331. Alien challenging detention as well as deportation order on basis of alleged due process violation has right to seek habeas relief in district court. 28 U.S.C.A. § 2241, Chmakov v. Blackman, 266 F.3d 210 (3rd Cir. 2001). Venue in this District is proper under Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).

**STATEMENT OF FACTS**

Eugeni Kovalev was born on 01/26/54 in the village of Berezhok, Poroschinsky Village Council, Yartsevsky Region, Smolensk Area, in the Union of Soviet Socialist Republics (USSR). His father is not listed on his birth certificate, his mother died when he was 6 years old, and he grew up in an orphanage. On 09/13/89, Eugeni Kovalev left the Union of Soviet Socialist Republics and arrived to the United States. Since 1989, Eugeni Kovalev resided continuously in the United States and never affirmatively applied for the citizenship of the Russian Federation.

Approximately two months upon arrival to the United States, Mr. Kovalev applied for asylum. On March 30, 1993, an Immigration Judge found Relator deportable, but granted him the privilege of voluntary departure in lieu of deportation until June 30, 1993, with an alternative order of deportation.

1

Immigration Judge never explained to Relator the consequences for failure to depart as required under INA §240(c)(4), 8 USCA §1229a(c)(4) in violation of INA §242B(e)(2)(B), 8 USCA §1252b(e)(2)(B). Relator did not appeal that decision. The district director granted an extension of the departure period until July 7, 1993, and had Relator sign an acknowledgement of his awareness of the consequences for failure to depart, in the English language, without translation. Therefore, Relator was never provided the oral notice as required by INA §242B(e)(2)(B), 8 USCA §1252b(e)(2)(B). Relator remained in the United States after July 7, 1993, and has an outstanding order of deportation against him.

On March 31, 1998, Relator filed a motion to reopen the proceedings before the Immigration Judge to apply for suspension of deportation or cancellation of removal relief under the special rules for such applications aimed at providing the former citizens of the Soviet Union who arrived to the US prior to 1991 and applied for asylum prior to 1992, with the intent of providing finality to these cases so called NACARA application under Section 203 of the Nicaraguan Adjustment and Central American Relief Act). Under NACARA, aliens with final orders of deportation who remained in the US and failed to depart, were specifically eligible to reopen their cases for purposes of application applications for suspension of deportation and cancellation of removal. On August 31, 1998, the same Immigration Judge who failed to advise Relator of the consequences for failure to depart, denied the Motion to Reopen for the reason that Relator failed to depart from the US after the grant of voluntary departure, completely ignoring the legislative intent of NACARA. BIA upheld his decision on September 23, 1999.

On 05/09/01, Relator, being fully unaware of the dire consequences of his failure to depart, filed an application for adjustment of status, sponsored by his United States citizen daughter. INS accepted the application and granted Relator's request for employment authorization based on the application. When Relator duly appeared for his adjustment interview, INS arrested him, without any advance warning. Immigration Court now lacks jurisdiction over Relator's custody. Relator was employed before his arrest, he has no criminal record, he is not a danger to the community, not a flight risk, his US citizen daughter needs his continued attention and support. Letters in support of Relator's good moral character and proposed employment are attached.

**RELIEF REQUESTED**

Relator respectfully requests that this Court immediately order the INS to exercise its discretion to release Mr. Kovalev on parole, on order of supervision or a reasonable bond. In addition, Relator requests that this Court find unconstitutional Mr. Kovalev's order of removal as entered after Immigration Judge never explained to Relator the consequences for failure to depart, as required under INA §240(c)(4), 8 USCA §1229a(c)(4) and in violation of INA §242B(e)(2)(B), 8 USCA §1252b(e)(2)(B) and order the US Attorney general to rescind the order of removal in his matter and consider Mr. Kovalev's application for adjustment of status.

**WITNESSES**

Eugeni Kovalev, 1287 County Welfare rd., Leesport, PA 19533
Batkayeva Natalia, 1760 Market St., Suite 1100 Philadelphia, PA 19103
Kovaleva, Elena, 20 Ocean Court, No. 2K, Brooklyn, NY 11223

**SCHEDULE OF EXHIBITS**

- Administrative record, to be submitted by Defendants, not received as of yet
- Expert report of Batkayeva Natalia, Russian licensed attorney, with attachments
- I-130 alien relative petition filed by Kovaleva, Elena, currently pending
- Motion to Reopen filed by Eugeni Kovalev, currently pending

**TIME REQUIRED FOR TRIEL**
2-4 hours

**SPECIAL COMMENTS**

As of yet, administrative record has not been submitted to Relator's attorney, and Relator's attorney respectfully requests this Court to allow amendment of the present memorandum upon receipt of the administrative record.

Respectfully,

Tatiana S. Aristova, Esq.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATEX EX REL.<br>KOVALEV, EVGIENI<br><br>vs.<br><br>JOHN ASHCROFT, as Attorney General of<br>the United States;<br>JAMES W. ZIGLAR, Commissioner of the<br>Immigration & Naturalization Service;<br>Warden of Berks County Prison | A 29776926<br><br>Relator,<br><br>CIVIL ACTION FILE NO.<br><br>02-4562 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following individuals in the foregoing matter with one copies of the foregoing by having hand-delivered and/or mailed by first class postage prepaid mail a copy of same as follows:

Honorable John Ashcroft
United States Department of Justice; Office of Immigration Litigation
Ben Franklin Station; P.O. Box 878, Civil Division
Washington, DC 20044

Patrick L. Meehan, Esq., James G. Sheenhan, Esq.,
Office of Immigration Litigation; Civil Division – Department of Justice
1331 Pennsylvania Avenue, N.W. Room 7026 South
Washington, DC 20004

Stephen J. Britt, Esq., Susan R. Becker, Esq.,
615 Chestnut St, Suite 1250
Philadelphia, PA 19106

This day of September 6, 2002.

_____
Tatiana S. Aristova, Esq.
PA State Bar No. 85928

4