IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATEX EX REL.<br>KOVALEV, EVGIENI | )<br>)<br>)<br>) | A 29776926<br>Relator, |
| vs. | )<br>) | |
| JOHN ASHCROFT, as Attorney General of<br>the United States;<br>JAMES W. ZIGLAR, Commissioner of the<br>Immigration & Naturalization Service;<br>Warden of Berks County Prison | )<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.<br>02-4562 |

**PETITIONER'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**PETITIONER'S PROPOSED FINDINGS OF FACT**

Relator is eligible to have his order of removal rescinded and is now eligible to adjust his status to that of a lawful permanent resident of the United States, and for this reason his Motion to reopen, currently pending before the Board of Immigration Appeals is bound to be granted. For this reason, his removal prior to adjudication of the Motion, would be unconstitutional and in violation of the due process of law.

Relator was never provided the oral notice as required by former INA §242B(e)(2)(B), 8 USCA §1252b(e)(2)(B), in effect at the time of his voluntary departure plea, as to the consequences for failure to depart, as required under INA §240(c)(4), 8 USCA §1229a(c)(4). Specifically, even if Relator had some understanding that his failure to depart voluntarily could have adverse consequences, Relator was never advised, as was statutorily required, that he would not be able to adjust his status through his US Citizen daughter, as a consequence of his failure to depart voluntarily.

Had Relator been advised properly of the consequences, it is possible that he would chose to appeal Immigration Judge's order and/or take other appropriate legal action. Therefore, the order of removal it stands now is illegal and in violation of 8 USCA §1252b(e)(2)(B), as Immigration Judge's failure to follow the statutory guidelines effectively precluded Relator from making a meaningful plea as to his voluntary departure and/or appeal waiver.

At the time when Relator petitioned INS to extend his voluntary departure, and signed a pre-printed form acknowledgement of his awareness of the consequences for failure to depart, in the English language, without translation, he did not understand the exact meaning of the wording on the form, and therefore was not provided with the notice in a language he could understand as required in INA §240(c)(4), 8 USCA §1229a(c)(4).

Relator's prior counsel never advised him of the Immigration Judge's obligation to provide notice as per INA §240(c)(4), 8 USCA §1229a(c)(4), and never raised this argument before the Immigration Court or the Board of Immigration Appeals, which amounts to ineffective assistance of counsel raising to the level of due process violation.

When Immigration Judge Speer denied Relator's application for relief under NACARA, Immigration Judge never considered his own failure to provide the required warnings to Relator. BIA further exacerbated this error when BIA affirmed Immigration Judge's order, which was based on Rlator's failure to depart, without ever considering if the statutorily required warnings regarding the consequences of the failure to depart were provided. This is one more reason why his order of removal is illegal, as Immigration Judge and BIA clearly abused their discretion in denying the NACARA eligible beneficiary relief under NACARA, a remedial legislation, based on failure to depart, without ever ascertaining that the statutorily required warnings regarding the consequences of such failure were provided.

INS never provided any meaningful custody review to Relator and abused their discretion in failing to release Relator. Please see Custody review worksheet submitted by the Respondent in this matter, page 3 stating: "there is no indication on file that indicates the presence of any community ties". This proves INS never provided any meaningful custody review to Relator. Relator's continued detention is completely unfounded, as the sole reason for the District

Director's decision to continue detention was the prospect of obtaining travel documents for Relator. Mere ability to deport alien is not sufficient to hold him in detention where there the alien is not a risk of flight, and where removal may not be effected even if the travel documents were available, as in this case, where such removal prior to adjudication of the meritorious motion to reopen would be in violation of the due process of law. District Director violated established guidelines for custody review, and ignored substantial evidence confirming Relator is not a risk of flight and not a danger to the community. Relator was employed before his arrest, he has no criminal record, he is not a danger to the community, not a flight risk, his US citizen daughter needs his continued attention and support. Therefore, he should be released for the period while his departure may not constitutionally be effected due to Motion to reopen and/or other legal proceedings pending.

Respondent believes that he is not a citizen of the Russian Federation, and no credible evidence has been submitted to this Court to the contrary. INS produced an unsubstantiated statement by the Russian Federation Vice Consul, in New York, to the effect that he conferred with unidentified Russian authorities and believed Relator to be a Russian citizen. However, it is unclear at this point whether Mr. Demkin in fact conferred with the proper authorities and /or whether he had the right to make citizenship determination in the first place. Until and unless the Russian Federation issues travel documents to Relator, Mr. Demkin's statements remain purely speculative and should not be admissible, as hearsay.

Mr. Demkin's opinion as to Relator's citizenship goes against the plain text of the Russian laws, which require residence in Russia on 02/06/02 for proof of Russian citizenship in Relator's case. Since Relator was not resident in Russia as of 02/06/02, Mr. Demkin's opinion is unfounded, and should not serve as a reliable proof of the likelihood of obtaining travel documents for Relator.

Respondent failed to obtain travel documents for Relator for over three months now, since Relator has been in detention since July, 2002. Now, in September, 2002, INS contends it could have obtained travel documents for Relator as a matter of days and seeks to detain Relator for this reason. INS should be estopped from making this arguments now, when INS only initiated the process of obtaining travel documents for Relator only after this Court ordered them

to conduct custody review, and then denied release simply for the reason that the travel documents may be issued, as they contend, in two days, when they failed to obtain these documents for almost three months now.

**PETITIONER'S PROPOSED CONCLUSIONS OF LAW**

Relator respectfully requests this Court to find unconstitutional his order of removal as entered after Immigration Judge never explained to Relator the consequences for failure to depart, as required under INA §240(c)(4), 8 USCA §1229a(c)(4) and in violation of INA §242B(e)(2)(B), 8 USCA §1252b(e)(2)(B) and order the US Attorney General to rescind the order of removal in his matter and consider Mr. Kovalev's application for adjustment of status. In the alternative, this Court should find that Relator's removal prior to adjudication of his Motion to Reopen currently pending with the BIA would be unconstitutional, in view of the above violations, and should order INS not to remove Relator for the period of time while his Motion to Reopen is pending. In addition, Relator requests that this Court to find that INS abused its discretion in failing to release Mr. Kovalev on parole, on order of supervision or a reasonable bond and to order his release while his Motion to Reopen is pending.

**1. This Court should order the US Attorney General to rescind the order of removal in his matter and consider Relator's application for adjustment of status. In the alternative, this Court should find that Relator's removal prior to adjudication of his Motion to Reopen would be unconstitutional, stay Relator's removal for the period of time while his Motion to Reopen is pending**.

An alien who has agreed voluntarily to depart at his or her own expense prior to deportation proceedings who remains in the United States after the scheduled date of departure, other than because of exceptional circumstances, is ineligible for certain forms of relief from deportation for a period of 5 years after the date of unlawful reentry. INA §242B(e)(2)(A), 8 USCA §1252b(e)(2)(A). However, this provision does not apply unless, before the departure, the Attorney General provided written notice to the alien in English and Spanish, and oral notice either in the alien's native language or in another language the alien understands, of the consequences of remaining in the United States after the scheduled date of departure, other than

4

because of exceptional circumstances. INA §242B(e)(2)(B), 8 USCA §1252b(e)(2)(B). No such notice was ever provided to the Relator.

For this reason, Relator's order of removal as it stands now is illegal. Relator is eligible to have his order of removal rescinded and is now eligible to adjust his status to that of a lawful permanent resident of the United States, and for this reason his Motion to reopen, currently pending before the Board of Immigration Appeals is bound to be granted. For this reason, his removal prior to adjudication of the Motion, would be unconstitutional and in violation of the due process of law.

Relator was never provided the oral notice as required by INA §242B(e)(2)(B), 8 USCA §1252b(e)(2)(B) as to the consequences for failure to depart as required under INA §240(c)(4), 8 USCA §1229a(c)(4). Specifically, even if Relator could have an understanding that his failure to depart voluntarily could have certain adverse consequences, Relator was never advised, as was statutorily required, that he will not be able to adjust his status through his US Citizen daughter for years, as a consequence of his failure to depart voluntarily.

Had Relator been advised properly of the consequences, it if possible that respondent would chose to appeal Immigration Judge's order and/or take other appropriate legal action. Therefore, the order of removal it stands now is in violation of 8 USCA §1252b(e)(2)(B), as immigration Judge's failure to follow the statutory guidelines effectively precluded Relator from making a meaningful plea as to his voluntary departure.

At the time when Relator petitioned INS to extend his voluntary departure, and signed a pre-printed form acknowledgement of his awareness of the consequences for failure to depart, in the English language, without translation, he did not understand the exact meaning of the wording on the form, and therefore was not provided with the notice in a language he could understand as required in INA §240(c)(4), 8 USCA §1229a(c)(4).

Relator's prior counsel never advised him of the Immigration Judge's obligation to provide notice as per INA §240(c)(4), 8 USCA §1229a(c)(4), and never raised this argument

5

before the Immigration Court or the Board of Immigration Appeals, which amounts to ineffective assistance of counsel raising to the level of due process violation.

When Immigration Judge Speer denied his application for relief under NACARA, Immigration Judge never considered his own failure to provide the required warnings to Relator. BIA further exacerbated this error when BIA affirmed Immigration Judge's order, which was based on Rlator's failure to depart, without ever considering if the statutorily required warning regarding the consequences of the failure to depart was ever provided. This is one more reason why his order of removal is invalid, because Immigration Judge and BIA clearly abused their discretion in denying the NACARA eligible beneficiary Relief under NACARA, a remedial legislation, without ever ascertaining that the statutorily required warning regarding the consequences of the failure to depart was provided to Relator.

**2. This Court should find that INS abused its discretion in failing to release Mr. Kovalev on parole, on order of supervision or a reasonable bond and should order his release while his Motion to Reopen is pending.**

Relator's continued detention is completely unfounded, as the sole reason for the District Director's decision to continue detention was the prospect of obtaining travel documents for Relator. Mere ability to deport alien is not sufficient to hold him in detention where there the alien is not a risk of flight, and where removal may not be effected even if the travel documents were available, as in this case, where such removal prior to adjudication of the meritorious motion to reopen would be in violation of the due process of law. District Director violated established guidelines for custody review, and ignored substantial evidence confirming Relator is not a risk of flight and not a danger to the community. Relator was employed before his arrest, he has no criminal record, he is not a danger to the community, not a flight risk, his US citizen daughter needs his continued attention and support. Therefore, he should be released for the period while his departure may not constitutionally be effected due to Motion to reopen and/or other legal proceedings pending.

As revised in 1999, the present detention and parole regime involves two separate decisions. INS District Director retains the authority to release an alien. During the 90-day removal period, the alien is under an obligation to assist the INS in obtaining documents to affect his removal. 8 USC §1231(a)(1)(C). This Mr. Kovalev has done when he filled out an application for a travel document with the Russian Federation. By doing so, he simply complied with INS request to cooperate and made no factuall admissions as to being a Russian citizen.

After the 90-day period, the INS may continue to detain removable aliens who are in one or more of four categories, including "criminal aliens." 8 USC §1231(a)(3). However, Mr. Kovalev is not a criminal alien. Even in this category, if an alien demonstrates by clear and convincing evidence that his release would not pose a danger to the community or a significant flight risk, the INS's District Director may order the release of the alien from custody on bond with appropriate release conditions. 8 CFR §§241.4 and 241.5. Mr. Kovalev definitely would not pose a danger to the community or a significant flight risk. His family needs him. Therefore, he should be released.

In the instant case District Director abused his discretion because he failed to consider the relevant factors in determining danger to the community and/or the flight risk of the alien:

- The nature and seriousness of the alien's criminal convictions;
- Other criminal history;
- Sentence imposed and time actually served;
- History of failures to appear for Court (defaults);
- Probation history;
- Disciplinary problems while incarcerated;
- Evidence of rehabilitative effort or recidivism;
- Equities in the United States; and
- Prior immigration violations and history.

8 CFR §241.4(a).

The INS's never made a determination that Mr. Kovalev is a danger to the community. The INS has failed to consider that he has very strong family ties to the United

7

States, including U.S. citizen child who he cared for before being arrested by the INS. He never missed any immigration hearing, and he will be in full compliance with any INS requests. He appeared for his immigration interview at New York, NY and for fingerprinting without incident, and has been a long term resident of the United States, since 1989. He is an honest, hardworking individual, with no criminal record. INS District Director simply disregarded evidence of steady employment and family ties of the Relator, stating, surprisingly, in the custody review report that Relator had no ties in the community. Please see Custody review worksheet submitted by the Respondent in this matter, page 3 stating: "there is no indication on file that indicates the presence of any community ties". This proves INS never provided any meaningful custody review to Relator.

While INS discretion is considerable, it is not unlimited. Rather, like other agency actions, parole-related decisions may be reviewed under the judicial review provisions of the Administrative Procedure Act (the APA), 5 USC §§701-706 (1982). Accordingly, the appropriate standard of review in such cases is whether the agency's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 USC §706(2)(A)." *See also Marczak v. Greene*, 971 F.2d 510, (10th Cir. 1992.)("District Director's decision, while invested with considerable discretion, is not entirely immune from judicial review.") Case law firmly establishes that an agency abuses its discretion if it fails to follow its own regulations and procedures. *Shepherd v. Merit Systems Protection Board*, 652 F.2d 1040 (D.C.Cir.1981); *Piper v. Crosland*, 519 F. Supp. 962 (E.D.N.Y.1981).

In the present case, INS clearly abused its discretion in refusing to release Mr. Kovalev. Mr. Kovalev is entitled to the full protection of the Fifth Amendment's Due Process Clause, which ensures that no person will be deprived of life, liberty or property without due process of law. U.S. Const. Amend. V. The Due Process Clause's protection extends to all *persons* within the borders of the United States, including deportable aliens. *Binh Phan*, W.D. Wa., at 6 (*citing Landon v. Plasencia*, 459 U.S. 21, 32-33 (1982). The *one* exception is where aliens are placed in exclusion proceedings before entering the United States and are legally considered detained at the border and are thus not entitled to due process protection. *Id*.; *Shaughnessy v. United States*

*ex rel. Mezei*, 345 U.S. 206 (1953); *Barrera-Echavarria v. Rison*, 44 F.3d. 1441, 1450 (9th Cir. 1995)(en banc).

In this case, Mr. Kovalev is a deportable alien, not an excludable or arriving alien. "Once an alien gains admission to our country and begins to develop the ties that go with permanent residence, his constitutional status changes accordingly." *Binh Phan* at 6; *Plasencia*, 459 U.S. at 32. Mr. Kovalev falls into this category. Mr. Kovalev was ordered deported pursuant to his failure to depart from the United States voluntarily after Immigration Judge never explained to Relator the consequences for failure to depart, as required under INA §240(c)(4), 8 USCA §1229a(c)(4) and in violation of INA §242B(e)(2)(B), 8 USCA §1252b(e)(2)(B), he is eligible to have his order of removal rescinded due to lack of oral notice regarding consequences for failure to depart and is otherwise statutorily eligible for adjustment of status. Consequently, his deportation and/or continued detention would amount to further violation of the Fifth Amendment's Due Process Clause, to which he is entitled as per <u>Chmakov v. Blackman</u>, 266 F.3d 210 (3rd Cir. 2001).

**CONCLUSION**

This Court should find unconstitutional Reltor's order of removal and should order the US Attorney General to rescind the order of removal in this matter and consider Mr. Kovalev's application for adjustment of status. In the alternative, this Court should find that Relator's removal prior to adjudication of his Motion to Reopen would be unconstitutional, in view of lack of statutorily required notice, and should order INS not to remove Relator while his Motion to Reopen is pending and should order his release for this time period.

Respectfully,

Tatiana S. Aristova, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATEX EX REL. ) | |
| KOVALEV, EVGIENI ) | A 29776926 |
| ) | |
| ) | Relator, |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION FILE NO. |
| JOHN ASHCROFT, as Attorney General of ) | |
| the United States; ) | 02-4562 |
| JAMES W. ZIGLAR, Commissioner of the ) | |
| Immigration & Naturalization Service; ) | |
| Warden of Berks County Prison ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following individuals in the foregoing matter with one copies of the foregoing by having hand-delivered and/or mailed by first class postage prepaid mail a copy of same as follows:

Honorable John Ashcroft
United States Department of Justice; Office of Immigration Litigation
Ben Franklin Station; P.O. Box 878, Civil Division
Washington, DC 20044

Patrick L. Meehan, Esq., James G. Sheenhan, Esq.,
Office of Immigration Litigation; Civil Division – Department of Justice
1331 Pennsylvania Avenue, N.W. Room 7026 South
Washington, DC 20004

Stephen J. Britt, Esq., Susan R. Becker, Esq.,
615 Chestnut St, Suite 1250
Philadelphia, PA 19106

This day of September 26, 2002.

_____
Tatiana S. Aristova, Esq.
PA State Bar No. 85928