IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVGIENI KOVALEV, | : | |
|    Petitioner | : | |
| | : | |
|    v. | : | CIVIL ACTION |
| | : | |
| | : | NO. 02-4562 |
| JOHN ASHCROFT, et al. | : | |
|    Respondents | : | |

**GOVERNMENT'S REPLY BRIEF**

Respondents, the Attorney General of the United States and the Commissioner of the Immigration and Naturalization Service ("the Service"), by their attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Susan Becker, Assistant United States Attorney for the District, submit this reply brief in response to petitioner's supplemental brief.

    A.    <u>The Standard of Review on Habeas is Legality and There Is No Illegality In Petitioner's Removal Order Or In the BIA's Decision Not To Reopen His Immigration Proceedings in 1998.</u>

Petitioner is now apparently arguing that this Court has the jurisdiction to review the Immigration Judge's and the Board of Immigration Appeal's discretionary decision not to reopen petitioner's immigration proceedings in 1998. There is no authority to support this position.

As respondents argued in their initial brief, the standard of review on a habeas petition is legality, and there was nothing illegal about the decision not to reopen Mr. Kovalev's immigration proceedings. In any event, courts have uniformly held that judgments not to reopen are discretionary, and are not reviewable on habeas.[1] The law is that habeas courts are not to engage in evidentiary "second guessing"[2] of factual determinations in the immigration context, but are limited to "purely legal" questions; Bowrin v. U.S. I.N.S., 194 F.3d 483, 490 (4th Cir. 1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited"); Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001)(federal jurisdiction over § 2241 petitions does not extend to review of factual or discretionary determinations); Carranza v. INS, 277 F.3d 65 (1st Cir. 2002)("Federal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent that those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated"); Finlay v. INS, 210

---

[1] Moreover, even if such decisions were reviewable, the factual record does not support any contention that it was an abuse of discretion to deny petitioner's motion to reopen in 1998 or that any of the factual decisions of the Immigration Judge or the Board of Immigration Appeals were clearly erroneous.

[2] The "second-guessing" term is in Carranza, 277 F.3d at 73, n.6. And see Henderson v. INS, 157 F.3d 106, 120 n. 10 (2d Cir. 1998)(finding habeas jurisdiction where "the questions presented are...pure law. We are not called upon to review the agency's factual findings...."), cert. denied, 526 U.S. 1004, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999).

F.3d 556, 557 (5th Cir. 2000)(same); Lee v. Rogers, 243 F.3d 548 (9th Cir. 2000)(only questions of "pure law" reviewable on habeas, not factual determinations by the BIA). See also DeSousa v. Reno, 190 F.3d 175, 181 n.5 (3d Cir. 1999)(petition for habeas relief cannot be predicated on discretionary decision). Moreover, the two pertinent Supreme Court decisions of last year did nothing to change this analysis, but cleaved to the law as it had already evolved. INS v. St. Cyr, 121 S.Ct. 2271, 2278 and 2287 (2001); Calcano-Martinez v. INS, 121 S.Ct. 2268, 2270 (2001).[3]

      It is clear that the scope of review on habeas is severely curtailed. Petitioner cannot show any violation of the Constitution or the laws of the United States with regard to any decisions made by the Immigration Judge or the BIA. The Court should dismiss petitioner's petition for writ of habeas corpus, and allow the Service to carry out a lawful order of removal.

---

[3]    We note that there is no authority to support the position that the court should make a distinction between cases involving a criminal alien and a non-criminal alien.

                                          Respectfully submitted,

                                          PATRICK L. MEEHAN
                                          United States Attorney

Dated: September 26, 2002               _____

                                          SUSAN R. BECKER
                                          Assistant United States Attorney
                                          615 Chestnut Street, Suite 1250
                                          Philadelphia PA 19106-4476
                                          (215) 861-8310 Telephone
                                          (215) 861-8349 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September, 2002, I caused a true and correct copy of the foregoing Government's Reply Brief to be served by facsimile upon the following:

Tatiana Aristova, Esquire<br>
Law Offices of John J. Gallagher, PC<br>
1760 Market Suite, Suite 1100<br>
Philadelphia, PA 19103

_____
Susan R. Becker